FRED RABER v. O. A. HINDS, Appellant.

Automobile accident: NEGLIGENCE: EVIDENCE. In an action for the value of a buggy and harness, destroyed by a runaway team frightened at an automobile, the evidence is reviewed and held to require submission of the question of defendant's negligence in failing to sooner stop his machine, after he discovered the team was frightened and likely to become unmanageable.

*Appeal from Plymouth District Court.*— HON. F. R. GAYNOR, Judge.

WEDNESDAY, FEBRUARY 13, 1907.

ACTION to recover $85 damages for injuries to plaintiff's team, and for the value of a buggy and harness destroyed by reason of the running away of the team, caused by fright at the defendant's automobile, negligently operated by him in the streets of the city of Le Mars. Verdict for plaintiff in the sum of $75. From the judgment on such

verdict, defendant appeals; a certificate of appeal being granted by the trial judge.— *Affirmed.*

*Martin & Martin,* for appellant.

*Zink & Roseberry,* for appellee.

McCLAIN, J.— The errors relied upon relate simply to the overruling by the court of the motion to set aside the verdict, and the sufficiency of the evidence to support the verdict is the only question in controversy.

The evidence for plaintiff tended to show that his team, consisting of two broncho ponies attached to a light buggy, was being driven eastward along Plymouth street, in the city of Le Mars, by his son, about seventeen years of age, who had with him in the buggy two friends of about the same age; that the ponies became frightened at defendant's automobile, which was coming towards them on the same street from the east at the rate of about ten or twelve miles an hour; that the ponies became unmanageable and turned to the left, down an alley, about the time the automobile came opposite to the alley; and that, while thus turning into the alley, the wheels of the buggy ran off the end of a bridge over the gutter, upsetting the buggy and throwing out the occupants, the buggy being broken so as to be practically worthless, and the harness materially damaged. There is no controversy as to the amount of damages; the only question being as to the liability of the defendant for the injury. Without question, the evidence for plaintiff shows that the team was reasonably gentle and had been in constant use for driving, and that the boy in charge was perfectly competent to handle the animals, and was without negligence in respect to the accident. The only real controversy is as to whether defendant was in any way negligent. His negligence, if any, consisted in not stopping his automobile, or sooner stopping it, after he discovered that the team was frightened and was beyond the control of the driver.

There is a square conflict in the evidence as to whether defendant did stop his automobile before he reached the end of the alley; the testimony of plaintiff's witnesses being that while he did slacken the speed of his automobile he did not stop it, but ran on past the alley down which the team turned at about the time the turn was made, and ran westward for a block, and then turned and came back to the alley where the accident had happened. The testimony for the defendant tended to show that he brought his automobile to a full stop before he reached the alley, and then, as the team turned from the street, he proceeded westward, and afterwards turned about and came back. But it seems to us immaterial which view of the facts in this respect the jury may have taken; for, even if the defendant did stop his automobile, he may have been negligent under the evidence in not sooner stopping it after he saw the team was frightened. The automobile was painted a bright red, and made a puffing noise such as was calculated to frighten horses, and the jury may well have found that under the circumstances it was his duty as a reasonably prudent man to at once stop his machine when he saw that the team, which was then distant about a block, had become scared and was likely to be unmanageable should he approach nearer. It is impossible for us to say just what was the amount of care and precaution which defendant should have exercised. Whether a reasonably prudent man would have done otherwise than as defendant did after the peril became apparent was so plainly a question for the jury that no further discussion of the evidence would seem to be justified. We are fully satisfied that the question was properly submitted to the jury, and that there was sufficient evidence to sustain the verdict.

The judgment of the trial court is therefore *affirmed.*